NOV 20 2025 PM3:00
FILED IN USDC - BPT - CT

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

**KHADIJAH ABUBAKARI** ET AL.      **DOCKET** # 3:25-CV-1863

:

:

**VS.**      :

:

**THE STATE OF CONNECTICUT**   :   **NOVEMBER 17ᵀᴴ 2025**

## Amended Complaint For the Individuals with Disabilities (IDEA) act

1. The plaintiffs are adult residents at the time of Hamden, Connecticut but now are residents of Bear Delaware. They are the parent of U.A., a minor child at the time, and are bringing this action on behalf of herself and on behalf of their child.

2. The defendant was at all times mentioned herein as the State Governing the Hamden Schools and is acting as Such as all Public Schools in the state of Connecticut. And are being sued, however, in its capacity.

3. At all times mentioned herein, the defendant Employee's was acting under color of law.

### JURISDICTION AND VENUE

4. This action seeks damages and declaratory ad injunctive relief under the First, Fourth, Fifth,
and Fourteenth Amendments to the United States Constitution against officers and officials

1

of the Hamden, Connecticut Board of Education and Hamden, Connecticut Public School
District.!

5. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. §§1331, 1343, and 1367;
the Individuals with Disabilities Education Act, ("IDEA"), ; the Americans with Disabilities
Act, ("ADA"); Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794, ("Section 504"); and Title VI of the Civil Rights Act of 1964.!

6. Venue is proper in the District of Connecticut under 28 U.S.C. §1391 because a substantial
part of the events or omissions giving rise to the claims herein occurred in the district.!
7. This Court is authorized to award Plaintiffs declaratory and injunctive relief pursuant to 28
U.S.C. §§2201 and 2202, by Rules 57 ad 65 of the Federal Rules of Civil Procedure, and by
the general legal and equitable powers of this Court.!

8. Plaintiffs' claims for compensatory and nominal damages are authorized under 42 U.S.C.
§1983 and by the general legal and equitable powers of this Court.!

9. Plaintiffs' claims for damages for depriving them of rights or privileges are authorized under
42 U.S.C. §1985 and by the general legal and equitable powers of this Court.!

10. Plaintiffs' claims for damages for actions for neglect to prevent the deprivation of rights or
privileges are authorized under 42 U.S.C. §1986 and by the general legal and equitable
powers of this Court. !

11. Jurisdiction of this court is invoked under the provisions of Sections Because the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 **et seq.,** is a

2

federal statute, a claim arising under the IDEA is subject to the federal district court's jurisdiction.

**Ullmo v. Gilmour Acad.**, 273 F.3d 671, 680 (6th Cir. 2001). **Accord Virginia Office of Protection & Advocacy v. Virginia Department of Education**, 262 F. Supp. 2d 648, 657 (E.D. Va. 2003) (federal district court has subject matter jurisdiction over IDEA claims). Thus, for example, in **Virginia Office of Protection**, the federal district court rejected the defendant's challenge to the plaintiff's statement of subject matter jurisdiction. The court found that it had subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1341, as well as under the IDEA. **Id.**, 262 F. Supp. 2d at 657-58.

In addition, subject matter jurisdiction is conferred by 42 U.S.C. § 1983. "Section 1983 provides a right of action against any person who, under color of state law, deprives another of 'any rights, privileges or immunities secured by the Constitution and laws' of the United States." **Rodriguez v. Debuono**, 175 F.3d 227, 232 (2d Cir. 1998) (quoting 42 U.S.C. § 1983). As long as the plaintiff's complaint states a colorable federal claim, subject matter jurisdiction exists. **Id.** at 233 (holding that the plaintiff, who claimed the need for the court's interpretation of two federal statutes, met the modest standard of "stat[ing] a right for which there was a judicially enforceable remedy"). authorized to award Plaintiffs their reasonable costs of litigation, including attorneys' fees and expenses, pursuant to 42 U.S.C. §1988.!

## STATEMENT OF THE FACTS

12. During the 2016-2017 school year, the minor child, U.A., was attending the Hamden elementary school, where he was identified as a student requiring special education, who had an individual education plan, ("IEP"), in place, calling for him to have a one-to one paraprofessional to assist him with his learning disabilities so that he would be able to transition into the Hamden Middle School and continue to succeed there.

13. During the 2017-2018 school year, at a Pupil Planning Team, ("PPT"), meeting, school officials changed his IEP, among other things, to eliminate the one-to-one paraprofessional. This resulted in regression of the child's educational progress, but school officials continued to socially advance him through his grade. The plaintiffs, therefore, requested reinstatement of the one-to-one paraprofessional and other special education services, but the school denied the requests.

14. At the end of the School on June 7th 2017 it was a PPT meeting held to discuss and put in place a plan for U.A Advancement to the middle school that next school year against his parent and the 6th grade teacher awareness of U.A was not academically ready to advance forward his test scores and with the two persons whom spent the most time with him knew he was not Capable to proceed without the ono on one paraprofessional to aid him in his transition into the 7th grade.

15. At the said PPT meeting June 7th, 2017, it was also announced by the Pupil services coordinator (Theresa Cisero) that with in the 7th grade classes it would be a paraprofessional available in Core Academic classes. The team also recommended 45 minutes 2x a mouth for both Speech and Language, social work services along with keyboarding  Theresa also did an assessment on U.A not only was his ADHD but parent learned he has Dyslexia from her assessment Mrs. Abubakari learned from the coordinator of pupil services that the one on one paraprofessional  was taking from U.A Because 'it was little funding and it was other children whom need it more than U.A'.

16. U.A enroll into the Hamden Middle School, Fall August 28th, 2017, as a 7th grader.

17. Parent was worried about U.A Academics as well as his social Experience with his peers so much so that she requested for a PPT meeting that way she would meet his teachers at the same time.

18. At the September 5th, 2017 fall PPT meeting Mrs. Abubakari concerns were valid she was met with teacher's complaints about her son, one of U.A teacher stated that 'U.A would sometimes talk about Unrelated topics and is frequently off task and that U.A can't do the class work on his own'

19. Mrs. Abubakari continued to hear the teachers concerns  regarding U.A academic, the  team wants to change what the Elementary school put on June 7th 2017 before he entered the middle school into a self-contained resource classroom which was not the plan going into the Middle School this resource environment isolated U.A from his peers the students in this class was misbehaving children. U.A never had a behavior issues Mrs. Abubakari asked the team about outplacement the team felt that U.A was not a candidate for outplacement based on his academic and behavioral functioning.

20. Mrs. Abubakari had no choice but to accept what was put in front of her and it was to isolate her son away from his peers into a self-contained resource room for troubled children she always was concerned about U.A Educations so as much she initiated a request for another ppt meeting when she noted U.A Declining in his academics in December 16th 2017.

21, on December 16th 2017 as the request of the parents to discuss U.A educational progress regression was declining and also was not receiving the keyboarding and speech that was plan in place from the elementary pupil service lady,( Theresa Cisero ) ,the team stated that his ADHD needed to be address over his dyslexia, the school officials continue to socially advance him through his grades.

22. On January 2018 parent had a meeting with the school superintendent and the pupil services staff of Hamden public school to discuss UA been in 7th grade but was reading at 4th grade level, the superintendent agreed with the parent and requested for us to design an IEP that fits U.A needs and level.

23. On February 13th, 2018, PPT meeting, The PPT team refuse to change U.A IEP F.A.P.E as the superintendent instructed but instead the PPT team was only concerned of advancing U.A to the 8th grade.

24. On February 13, 2018, at a PPT meeting, Plaintiff mother Khadijah Abubakari expressly announced that she would pull her son out of his enrollment in the Hamden Public Schools and continue to keep him out until the school district provided him with the special education services and accommodation, she believed necessary to allow him to progress successfully. She explicitly stated, on the record, that beginning immediately she would be home schooling the child with the assistance of professional tutorial services hired at her own expense. Parents call the Hamden public school superintendent to inform him of the unsuccessful PPT meeting of U.A I.E.P (F.A.P.E).

25. The PPT Summary also indicates that "Parents shared their frustrations with the fact that (U.A.) is not on grade level" and that "they wanted him retained in the sixth grade, but the team pushed him through" When school officials noted that "grade level is a separate issue" and that the child "made significant growth" in math and English, "Parent interrupted team members and said that she wants him out of Hamden public schools." It was at this point that the parent announced she was pulling the child out of enrollment and would be instructing him at home with the help of tutors, and she immediately went to the school office to withdraw the child from enrollment.

5

26.   The Individuals with Disabilities Education Act (IDEA) is a US federal law ensuring that children with disabilities have access to a free appropriate public education (FAPE) in the least restrictive environment. It provides for early intervention services for infants and toddlers, and special education and related services for children and youth with disabilities. IDEA was originally enacted in 1975 as the Education for All Handicapped Children Act and has been reauthorized several times, most recently in 2004, according to the National Center for Learning Disabilities.

27. The parent of U.A Mrs. Khadijah Abubakari have always allowed the Connecticut public school system 2013-2017 to administer testing to see why and what U.A learning disability may be, so we can best Educate him. By doing their testing the results was ADHD always every time they tested U.A in February 2017 he received a diagnosis of Dyslexia by the pupil service coordinator ( Theresa Cisero ) of Hamden schools and yet he never received any services or aid for the dyslexia in which the keyboarding service that was implemented on his IEP that school year. After U.A was disenrolled from Hamden Schools U.A parents took him to be evaluated by DR. Bina Roginsky ,Psy. D, BCBA Licensed Clinical Psychologist Board Certified Behavior Analyst took 3 of the public schools Evaluations along with about 6 or 7 in-person visits with U.A before she had her results which was ADHD, Autism Spectrum Disorder as well as Social Pragmatic Communication Disorders. U.A was thirteen years old before properly diagnosed for about 4- or 5-years U.A has been Misdiagnosed by the Hamden public school.

28.  From February 14th, 2018, to the end of the school year June 2018 Hamden schools received the federal funding for U.A when he was being home schooled plus paid tutoring been paid for by the parent. The parent is requesting for all expenses paid from the federal paid to the school system from February 13th 2018 to June 8th 2018 with interest as well as for the keyboarding and speech that was not render to U.A from August 28th 2017 to February 2018, the parents of U.A provided educational services to U.A through tutoring and home schooling for 5 years till he was academically ready before he was able to enroll back into the public school system. Where he was able to graduate with a diploma on June 8th, 2025. Parents of U.A are asking the court to grant us Monitory damages and relief that the court find just and proper.

Key aspects of IDEA include:

FAPE

IDEA mandates that all eligible children with disabilities receive a free appropriate public education, tailored to their individual needs and provided at no cost to parents.

Least Restrictive Environment (LRE):

Children with disabilities are to be educated alongside their non-disabled peers to the maximum extent appropriate.

Individualized Education Program (IEP):

IDEA requires the development of an IEP for each child with a disability, outlining specific educational goals and supports.

Procedural Safeguards:

IDEA includes various procedural safeguards to protect the rights of children with disabilities and their parents, such as the right to participate in IEP development and due process.

Early Intervention:

Part C of IDEA provides funding for early intervention services for infants and toddlers with disabilities (birth through age 2) and their families.

State Grants:

IDEA authorizes formula grants to states to support special education and related services for children with disabilities.

Part B:

This part of IDEA addresses special education for school-aged children (ages 3 through 21).

Part C:

This part of IDEA focuses on early intervention services for infants and toddlers.

Part D:

This part focuses on national support programs and research related to special education, according to the U.S. Department of Education.

Part E:

This part focuses on grants to improve the recruitment and retention of special education teachers, according to the U.S. Department of Education.

In essence, IDEA is a comprehensive law designed to ensure that children with disabilities have access to the educational opportunities they need to succeed.

## PRAYER FOR RELIEF

HEREFORE, Plaintiff respectfully requests that this Court:
Declare that Defendant violated the IDEA by failing to provide U.A with a FAPE;
Order Defendant to provide appropriate compensatory education and/or related services;
Award reasonable attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B);
Grant such other relief as the Court deems just and proper.
1. Declare that Defendants violated Plaintiffs' fundamental constitutional and statutory rights
as set forth in this Complaint!

2. Declare that Defendants' training, supervision, policies, practices, customs, and procedures fail to protect the rights of the Plaintiffs and violate their fundamental constitutional rights to free speech, redress grievances, due process, against discrimination
against the disabled, and equal protection of the law are set forth in this Complaint!

3. Declare that the Defendants impermissibly filed a false complaint of neglect against the
Plaintiffs in retaliation for the exercise of their constitutionally protected rights as set forth in
this Complaint; !

4. Declare that the Defendants filing of the false complaint of neglect against the Plaintiffs
caused irreparable harm by way of emotional and financial distress to the Plaintiffs!

8

5. Permanently enjoin the Defendants, their supervisors, employees, agents, and successors in office from filing false complaints of neglect against them;!

6. Award the Plaintiffs damages against all Defendants for violations of their federal and state
constitutional rights, including monetary damages that will fairly compensate the Plaintiffs
for their injuries, punish the individual and institutional Defendants for their unconditional
actions, and appropriately recognize the Defendant's violation of the Plaintiffs' constitutional rights by issuing nominal damages;

7. Award the Plaintiffs reasonable attorneys' fees, costs, and expenses pursuant to 42 u.s.c.
§1988 and other applicable law;

8. Grant such other and further relief as this Court should find just and proper.!

## DEMAND FOR JURY TRIAL

Pursuant to Rule of the Federal Rules of Civil Procedure, the Plaintiffs hereby demand a
trial by jury of all issues triable of right by a jury

**Respectfully submitted,**

BY K. Abubakri  11-17-25
KHADIJAH ABUBAKARI
1926 BRIAN CIR
BEAR DE 19701
470-560-2640
YOLANDAJEFFERSON52@YAHOO.COM
JULY 11TH 2025

Anas Abubakari Pro Se
by: Anas Abubak  11-17-25
Uriah Abubakari Pro Se
by: U. Abubakarla 11/17/25

9